# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNAN G. WILKINS aka NERRAH BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF CONTRA COSTA, et. al.,<br><br>    Defendants. | Case No. 16-cv-7016-TEH<br><br>ORDER TO SHOW CAUSE |

    Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis. Plaintiff alleges that while being held at Martinez Detention Facility his Due Process and Equal Protection rights were violated, he was denied access to the courts, he was the victim of retaliation and subject to cruel and unusual punishment. He is now incarcerated at RJ Donovan Prison in San Diego County.

    The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal quotation marks omitted). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." Id. (internal quotation marks omitted). Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." See Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A court may count as strikes dismissals of district court cases as well as dismissals of appeals. See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)). A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claim if he pays the full filing fee at the outset of the action.

It appears that plaintiff has at least four strikes pursuant to § 1915(g). In Brown aka Wilkins v. North County Jail, No. 97-2298 MMC (N.D. Cal.), the Court dismissed Plaintiff's action regarding the unauthorized, negligent, or intentional deprivation of his property for failure to state claim. This constitutes a

strike.[1]

In <u>Wilkins v. Ahorn</u>, No. 08-3850 MMC (N.D. Cal.), the Court dismissed Plaintiff's action because Plaintiff sought to proceed with the case as a class action. Docket No. 8 in No. 08-3850. The Court noted that Plaintiff was already proceeding with a separate action with the same claims that just involved him. This Court finds that the dismissal qualifies as a strike as a dismissal for failure to state a claim.

In <u>Brown v. County of Alameda</u>, No. 11-2704 LHK (N.D. Cal.), the Court dismissed Plaintiff's second amended complaint without leave to amend due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure concerning joinder of claims and Defendants. Docket No. 21 in No. 11-2704. Plaintiff filed an appeal that the Court certified was not taken in good faith. Docket No. 26 in No. 11-2704. The Ninth Circuit denied the appeal for failure to prosecute. Docket No. 31 in No. 11-2704. Plaintiff also filed a motion for reconsideration in the District Court that was denied and a motion for relief from judgment that was also denied. Docket Nos. 29, 32, 34, 36. This Court construes this dismissal as Plaintiff's third strike for failure to state a claim and as frivolous.

Plaintiff then appealed the denial of the two post-judgment motions in No. 11-2074 to the Ninth Circuit in <u>Brown v. County of Alameda</u>, 13-17060 (9th Cir.). The Ninth Circuit specifically found the appeal to frivolous. Docket No. 7 in No. 13-17060 (9th Cir.). This qualifies as Plaintiff's fourth strike.

---

[1] This case was filed and dismissed after § 1915 was enacted on April 26, 1996, and counts as a strike.

3

Plaintiff shall show cause within twenty-one (21) days, why this case should not be deemed three strikes barred and the application to proceed in forma pauperis denied. Failure to reply will result in dismissal.

IT IS SO ORDERED.

Dated: 4/25/2017

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.16\Wilkins7016.osc_p.docx