United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>Defendants. | Case No. 16-cv-07016-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee. Docket No. 35.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff's allegations arise from his detention at Martinez Detention Facility while he was a pretrial detainee. Plaintiff alleges that his due process rights were violated in being placed in Administrative segregation ("Ad. Seg."), the conditions in Ad. Seg. violated the Eighth and Fourteenth Amendments, his rights under the Equal Protection Clause were violated, he was denied access to the courts, a defendant retaliated against plaintiff due to his protected conduct and there was a conspiracy.

**Due Process**

A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. *See*, *e.g.*, *Bell*, 441 U.S. at 537-38 (discussing tests traditionally applied to determine whether governmental acts are punitive in nature). Disciplinary segregation as punishment for violation of jail rules and regulations, for example, cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996).

If the alleged deprivation does not amount to punishment, a pretrial detainee's due process claim is not analyzed under *Sandin v. Conner*, 515 U.S. 474 (1995), which applies to convicted

2

prisoners, but rather under the law as it was before *Sandin*. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1041 n.3 (9th Cir. 2002). The proper test to determine whether detainees have a liberty interest is that set out in *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), and *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Under those cases, a state statute or regulation creates a procedurally protected liberty interest if it sets forth "'substantive predicates' to govern official decision making" and also contains "explicitly mandatory language," i.e., a specific directive to the decisionmaker that mandates a particular outcome if the substantive predicates have been met. *Thompson*, 490 U.S. at 462-63 (quoting *Hewitt*, 459 U.S. at 472).

If the alleged deprivation does not amount to punishment and there is no state statute or regulation from which the interest could arise, no procedural due process claim is stated and the claim should be dismissed. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976) (interests protected by due process arise from Due Process Clause itself or from laws of the states).

Plaintiff alleges that he was placed in Ad. Seg. for eight months for unknown reasons without any due process. He also presents allegations that the deprivations amounted to punishment. This is sufficient to state a due process claim against the classification officials: Baker, Kosmicky, Yates, Arnada, Wilson and Wooden.

**Conditions of Confinement**

Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. *Id*. at 1068.4 Under the Fourteenth Amendment, a pretrial detainee plaintiff must also show that the challenged prison condition is not "reasonably related to a legitimate governmental objective. *Byrd v. Maricopa Cty. Board of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017) (quoting *Bell*, 441 U.S. at 539). If the particular restriction or condition is reasonably related, without more, it does not amount to punishment. *Bell*, 441 U.S. at 538-39.

Plaintiff alleges that he was in a small unsanitary cell with piles of trash that attracted

3

1 rodents. He also alleges that he was denied exercise. These allegations are sufficient to proceed; however, plaintiff identifies eleven defendants, but fails to identify the specific actions of each defendant. This claim is dismissed with leave to amend to link each defendants' actions with the constitutional deprivation.

**Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike groups does not support an equal protection claim). Dissimilar treatment of dissimilarly situated persons does not violate Equal Protection. *See Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir. 1996) (treatment of dissimilarly situated persons in a dissimilar manner does not violate the Equal Protection Clause). Where state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish an equal protection "class of one" claim by demonstrating that the state actor (1) intentionally (2) treated him differently than other similarly situated persons, (3) without a rational basis. *Gerhart v. Lake County Montana*, 637 F.3d 1013, 1020 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Plaintiff argues that detainees in general population were treated differently than he was. However, these two groups are not similarly situated and detainees in Ad. Seg. are expected to be treated differently than detainees in general population. Plaintiff has not shown that he or other Ad. Seg. detainees were treated differently than other similarly situated individuals. This claim is dismissed with leave to amend.

**Access to the Courts**

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy

4

in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 354-55.

Plaintiff alleges that he was denied access to the courts to litigate his family law case concerning child custody, parental rights and property allocation. To proceed with a constitutional claim plaintiff must demonstrate an actual injury with respect to a non-frivolous claim concerning his conviction or conditions of confinement. The family law case that plaintiff describes does not concern his conviction or condition of confinement. This claim is dismissed with leave to amend.

**Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same).

Plaintiff contends that defendant Engalstad transferred plaintiff to a different cell without a television in retaliation for plaintiff's filing of complaints with the County Supervisors. This claim is sufficient to proceed.

**Conspiracy**

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Id*. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *Id*.

5

Plaintiff alleges that defendants conspired against him, but he provides no allegation in support. This claim is dismissed with leave to amend.

**Supervisory Liability**

"In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (finding under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

Supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong, *Iqbal*, 556 U.S. at 675-84, and unfairly subject the supervisor defendants to the expense of discovery and continued litigation, *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability). So it is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a *specific* policy" or "a *specific* event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis in original).

In multiple claims set forth above, plaintiff identifies several supervisors as responsible for the deprivations, yet he fails to provide specific allegations. The supervisory defendants are dismissed with leave to amend.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Plaintiff may also indicate that he wishes to proceed only on the cognizable claims discussed above.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 7, 2017

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEENAN G. WILKINS,

    Plaintiff,

v.

COUNTY OF CONTRA COSTA, et al.,

    Defendants.

Case No. 16-cv-07016-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 7, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keenan G. Wilkins ID: #:AN2387
Richard J. Donovan Correctional Facility
480 Alta Road, A-2-208L
San Diego, CA 92179

Dated: November 7, 2017

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO