|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |
| KEENAN G. WILKINS, Plaintiff, v. DAVID O. LIVINGSTON, et al., Defendants. | Case No. 16-cv-07016-JD<br><br>**ORDER DENYING MOTION**<br>Re: Dkt. No. 64 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The Court ordered service on June 21, 2018, and defendants filed a motion to dismiss and a motion for summary judgment on October 19, 2018. The motions raise several arguments. Plaintiff has not filed an opposition but has filed a motion for discovery.

Plaintiff is advised that the Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The Court does not have the resources to oversee all discovery, and so requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the Court does not

require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

It is not clear why plaintiff has waited so long to seek discovery. In any event, plaintiff must submit his discovery requests to defendants and avoid requests that just ask for "all relevant documents" or other broad categories. Plaintiff is advised to seek specific discovery related to the claims in this action. Plaintiff's motion for discovery (Docket No. 64) is **DENIED**. Plaintiff must still file an opposition to the motions to the best of his ability but will be given an extension to **December 2, 2018**. If plaintiff requests to file a supplemental opposition after reviewing discovery, the Court will consider a request if filed.

**IT IS SO ORDERED.**

Dated: November 8, 2018

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEENAN G. WILKINS,

    Plaintiff,

v.

DAVID O. LIVINGSTON, et al.,

    Defendants.

Case No. 16-cv-07016-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 8, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keenan G. Wilkins ID: #:AN2387
Richard J. Donovan Correctional Facility
480 Alta Road, A-2-247L
San Diego, CA 92179

Dated: November 8, 2018

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO