UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br>Plaintiff,<br>v.<br>DAVID O. LIVINGSTON, et al.,<br>Defendants. | Case No. 16-cv-07016-JD<br><br>**ORDER**<br>Re: Dkt. Nos. 81, 83, 95 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. Previously service had only been completed for six of the ten defendants. The Court ordered the United States Marshal ("USM") to again attempt service on defendants Deputy Arnada, Deputy Wilson, Lieutenant Vannoy and Deputy Engalstad. Counsel for the served defendants accepted service for Deputy Engalstad and the USM reports that service was executed on defendants Wilson and Vannoy. The Court will wait for these newly served defendants to appear in this action.

The USM was unable to complete service on Deputy Arnada, reporting that they were unable to identify that individual at Martinez Detention Facility. Counsel for defendants also noted that there was no Deputy Arnada employed at Martinez Detention Facility at the time of the events in this action or currently. Within **twenty-one (21) days** of the date this order is served, plaintiff must provide more information about Deputy Arnada and his or her location so service can be effectuated. Plaintiff may seek such information through the California Public Records Act or any other means available. Failure to provide sufficient information for service will result in a dismissal pursuant to Fed. R. Civ. P. 4(m).

Plaintiff has also filed a new motion that contains discovery requests. Docket No. 83. Plaintiff is again informed that the Court generally is not involved in the discovery process and

1   only becomes involved when there is a dispute between the parties about discovery responses.
2   Discovery requests and responses normally are exchanged between the parties without any copy
3   sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not"
4   be filed with the court until they are used in the proceeding or the court orders otherwise). Only
5   when the parties have a discovery dispute that they cannot resolve among themselves should the
6   parties even consider asking the court to intervene in the discovery process. The Court does not
7   have the resources to oversee all discovery, and so requires that the parties present to it only their
8   very specific disagreements. To promote the goal of addressing only very specific disagreements
9   (rather than becoming an overseer of all discovery), the Court requires that the parties meet and
10  confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P.
11  37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the Court does not
12  require in-person meetings and instead allows the prisoner and defense counsel to meet and confer
13  by telephone or exchange of letters. Although the format of the meet-and-confer process changes,
14  the substance of the rule remains the same: the parties must engage in a good faith effort to meet
15  and confer before seeking court intervention in any discovery dispute. Plaintiff was already
16  provided this information about discovery; therefore, his motion for discovery is denied and
17  plaintiff should seek his discovery from defendants.

Plaintiff has also filed a motion for a settlement conference. Defendants do not feel a settlement conference is warranted at this time. The Court agrees and notes that dispositive motions have already been filed and the outstanding defendants still need to appear. The Court will consider a settlement conference after the dispositive motions have been addressed.

Plaintiff also seeks clarification or reconsideration of the dismissal of the County as a defendant in this case. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To properly plead a claim under *Monell*, it is insufficient to allege simply that a policy, custom, or practice exists that caused the

2

constitutional violations. *AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012).  Pursuant to the more stringent pleading requirements set forth in *Iqbal*, at 682-83, and *Twombly*, at 553-56, a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief.  *AE*, 666 F.3d at 636-37 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), which summarized new pleading standards derived from *Iqbal*, *Twombly* and related Supreme Court decisions).  Plaintiff's conclusory allegations regarding a county policy or custom failed to plausibly suggest he was entitled to relief.  This defendant remains dismissed.

## CONCLUSION

1.  Within **twenty-one (21) days** of the date this order is served, plaintiff must provide more information about Deputy Arnada and his or her location so service can be effectuated. Failure to provide sufficient information for service will result in a dismissal pursuant to Fed. R. Civ. P. 4(m).

2.  For the reasons set forth above, plaintiff's motions for discovery (Docket No. 81), a pretrial conference (Docket No. 83) and clarification or reconsideration (Docket No. 95) are **DENIED**.

3.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 20, 2019

JAMES DONATO
United States District Judge

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

KEENAN G. WILKINS,

    Plaintiff,

v.

DAVID O. LIVINGSTON, et al.,

    Defendants.

Case No. 16-cv-07016-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 20, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keenan G. Wilkins ID: #:AN2387
California Healthcare Facility
P.O. Box 32290
Stockton, CA 95213

Dated: February 20, 2019

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO