UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>Plaintiff,<br><br>v.<br><br>DAVID O. LIVINGSTON, et al.,<br><br>Defendants. | Case No. 16-cv-07016-JD<br><br>**ORDER**<br><br>Re: Dkt. Nos. 99, 100, 109 |

Plaintiff, a state prisoner proceeding pro se on claims under 42 U.S.C. § 1983, has filed several motions to voluntarily dismiss defendants Baker, Kosmicky, Yates, Arnada and Wooden pursuant to Fed. R. Civ P. 41. These defendants have already been dismissed pursuant to the motions, but the motions are granted.

With respect to the defendant County, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state a claim under *Monell*, the plaintiff must allege enough facts about the alleged policy, custom or practice to allow the defendant to defend itself, and to plausibly show that plaintiff is entitled to relief. *AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

The Court advised plaintiff in a prior order that his conclusory policy or custom allegations failed to plausibly demonstrate he was entitled to relief against the County. Plaintiff has now filed a motion to amend the complaint with new allegations. Dkt. No. 109.

Federal Rule of Civil Procedure 15(a) governs the motion, and provides:

> (1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion to dismiss under Rule 12(b), (c), or (f), whichever is earlier.
>
> (2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

While leave to amend is generally treated with some favor, particularly for pro se litigants, it need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). The Court's discretion to deny leave is particularly broad where the plaintiff has already filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Leave to amend should be denied on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint." *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001); *see also Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002).

In this case, leave to amend is not warranted. Plaintiff's filed the original complaint on December 7, 2016. Dkt. No. 1. A first amended complaint was filed on January 6, 2017. Dkt. No. 8. The case was closed and then later reopened, and the first amended complaint was dismissed with leave to amend on November 7, 2017. Dkt. No. 37. Plaintiff filed a second amended complaint which was ordered served on defendants on June 21, 2018. Dkt. No. 42. Defendants filed a motion to dismiss and motion for summary judgment on October 19, 2018.

Dkt. Nos. 50, 51. Plaintiff is well beyond the time frame to amend as a matter of course and allowing an amendment this late in the litigation with dispositive motions already filed would cause undue prejudice and delay in an already old case.

While plaintiff has filed a motion to amend, he has not filed a third amended complaint. He has only included new allegations and arguments. Even if plaintiff had filed a full amended complaint, he has not received consent of the opposing parties and the Court does not grant plaintiff leave to amend. Plaintiff has again only provided conclusory allegations that there was a policy or custom in place. He has not alleged sufficient facts to demonstrate a custom or policy that caused the constitutional deprivations at issue. Plaintiff has already filed multiple amended complaints and it does not appear that he could remedy the deficiencies of the previous complaint.

## CONCLUSION

1.  The motions to dismiss[1] individual defendants (Dkt. Nos. 99, 100) are **GRANTED**. Defendants Baker, Kosmicky, Yates, Arnada and Wooden remain dismissed from this action.

2.  The motion to amend (Dkt. No. 109) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 4, 2019

JAMES DONATO
United States District Judge

---

[1] While Dkt. No. 99 is titled as a motion to amend, plaintiff actually seeks to voluntarily dismiss a defendant.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID O. LIVINGSTON, et al.,<br><br>    Defendants. | Case No. 16-cv-07016-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 4, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keenan G. Wilkins ID: #:AN2387
California Healthcare Facility
P.O. Box 32290
Stockton, CA 95213

Dated: April 4, 2019

                              Susan Y. Soong
                              Clerk, United States District Court

                              By: *[signature]*
                              LISA R. CLARK, Deputy Clerk to the
                              Honorable JAMES DONATO