UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br>            Plaintiff,<br>    v.<br>DAVID O. LIVINGSTON, et al.,<br>            Defendants. | Case No. 16-cv-07016-JD<br><br>**ORDER ON MOTIONS**<br>Re: Dkt. Nos. 199, 206, 209, 210, 211, 216 |

Plaintiff is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. On December 10, 2019, defendants filed a motion to dismiss, that is now fully briefed, and the Court will address in due course. Plaintiff has filed several other motions. Plaintiff has requested Court certification for an interlocutory appeal pursuant to 28 U.S.C. 1292(b) with respect to his *Monell* claim that the Court denied at screening. This issue does not present a controlling question of law with a substantial ground for difference of opinion to warrant an interlocutory appeal. The request is denied.

Plaintiff has also filed a request to take depositions by written questions of inmates in a different prison. Federal Rule of Civil Procedure 31(a)(2)(B) requires leave of the Court if the deponent is confined in prison. Unless the parties stipulate otherwise, the party noticing the deposition is required to provide the questions to an "officer", as that term is defined in Rule 28(a), who will take the deponent's responses to the questions, certify them, and send them to the noticing party. *Id.* Rules 31(b), 30(b)(5). Defendants are opposed to the Court granting plaintiff leave to depose the inmates and have not stipulated that plaintiff may depose the individuals by written questions in some manner not requiring the participation of a deposition officer. Plaintiff must also have the financial ability to compensate an officer to take responses and prepare the

1  record. Plaintiff must demonstrate that he can pay for these services. Thus, proceeding under
2  Rule 31 may not provide a viable alternative to direct communication, due to plaintiff's
3  incarceration and the incarceration of his witnesses.
4      Courts have found a failure to make these showings defeats a motion to take depositions.
5  *See Harrell v. Jail*, No. 14-cv-1690 TLN CKD, 2015 WL 8539037, at *2 (E.D. Cal. Dec. 11,
6  2015). As one court has observed: "If plaintiff wants to depose [a witness] on written questions,
7  plaintiff needs to set up such a deposition, arrange for a court reporter and arrange for the
8  attendance of the witness. It is not defendant's obligation or the court's obligation to do so."
9  *Lopez v. Horel*, No. 06-cv-4772 SI, 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007), aff'd, 367
10 Fed. Appx. 810 (9th Cir. 2010). The Court further noted that a Rule 31 deposition "may sound
11 like an inexpensive way for a prisoner to do discovery but usually is not." *Id.* at *2, n.2. This
12 motion is denied without prejudice.
13     Plaintiff may avail himself of the process provided for in California Code of Regulations,
14 title 15, § 3139, to correspond with the other inmates. If plaintiff attempts to engage in
15 communications with his witnesses by following the proper procedures under § 3139(a)-(c) and is
16 denied access or is otherwise unable to effectively communicate with his witnesses, and those
17 communications are necessary to the litigation of this action, plaintiff may file another motion
18 describing his attempts to engage in the process provided by § 3139(a)-(c), why that process failed
19 him, and why the evidence from the witness is relevant. Information from these witnesses is not
20 relevant to the pending motion to dismiss.
21     Consequently:
22     1.    The motion for certification for an interlocutory appeal (Docket No. 199) is
23 **DENIED**. The motion for written depositions (Docket No. 206) is **DENIED** without prejudice as
24 set forth above. The motion to provide notice (Docket No. 209) is **DENIED**. Plaintiff's motion
25 for summary adjudication (Docket No. 210) is **DENIED** without prejudice. Plaintiff may file a
26 motion for summary judgment once the Court has ruled on the pending motion to dismiss.
27 Plaintiff's motion to file a sur-reply (Docket No. 211) is **GRANTED** and the Court will consider
28 the filing.

2. Defendants' motion to stay the proceedings, except for discovery, until after the motion to dismiss has been resolved (Docket No. 216) is **GRANTED**. This case is **STAYED** until 14 days after the Court issues a decision on the motion to dismiss. **Plaintiff may not submit any filings during this period unless it involves discovery.**

**IT IS SO ORDERED.**

Dated: February 7, 2020

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEENAN G. WILKINS,

    Plaintiff,

v.

DAVID O. LIVINGSTON, et al.,

    Defendants.

Case No. 16-cv-07016-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 7, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keenan G. Wilkins ID: AN2387
California Health Care Facility E2B-131L FACILITY E
P.O. Box 32290
Stockton, CA 95213

Dated: February 7, 2020

        Susan Y. Soong
        Clerk, United States District Court

        By: *Lisa R. Clark*
        LISA R. CLARK, Deputy Clerk to the
        Honorable JAMES DONATO